IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A & C TRADE CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOEL E. ALVAREZ, et al., <br><br> Defendants. | Case No. 18-cv-05356-MMC <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, ISSUANCE OF ORDER TO SHOW CAUSE, AND IMPOSITION OF CONSTRUCTIVE TRUST** <br><br> Re: Dkt. No. 12 |

Before the Court is plaintiff A & C Trade Consultants, Inc.'s "Ex Parte Motion for Temporary Restraining Order; Order to Show Cause Why a Preliminary Injunction Should Not Be Issued; [and] Imposition of a Constructive Trust," filed November 21, 2018.

A temporary restraining order may not issue in the absence of notice to the defendant unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." See Fed. R. Civ. P. 65(b). Here, plaintiff has not provided proof that it served the motion on, or otherwise provided notice thereof to, any defendant, nor has it endeavored to show that either of the above-referenced exceptions to the notice requirement are applicable.

To the extent plaintiff may be implicitly contending property or monies in the possession of defendants Joel E. Alvarez ("Alvarez") and/or Ethel Nogal ("Nogal") is likely to be dissipated if they are made aware of the instant motion, plaintiff has failed to show that providing the ordinarily requisite notice thereof will result in such dissipation of

assets or other loss to plaintiff. Indeed, although plaintiff advised Alvarez some time ago that it believed he had taken funds from plaintiff without authorization (see Hsu Decl. ¶¶ 3, 11), plaintiff has acknowledged that Alvarez thereafter returned at least some of those funds to plaintiff (see id. ¶ 11). Additionally, plaintiff's counsel has spoken to both Nogal and her counsel about plaintiff's claims (see Holmes Decl. ¶ 5), and, again, there is no showing that, in response thereto, Nogal took any action to secrete or otherwise dissipate any assets.

Accordingly, plaintiff's motion is hereby DENIED, without prejudice to plaintiff's providing notice thereof to defendants.

**IT IS SO ORDERED.**

Dated: November 26, 2018

MAXINE M. CHESNEY
United States District Judge