IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| A & C TRADE CONSULTANTS, INC., Plaintiff, v. JOEL E. ALVAREZ, et al., Defendants. | Case No. 18-cv-05356-MMC<br><br>**ORDER GRANTING DEFENDANT NOGAL'S MOTION TO SET ASIDE DEFAULT; DIRECTIONS TO DEFENDANT**<br><br>Re: Doc. No. 48 |
|---|---|

Before the Court is defendant Ethel Nogal's ("Nogal") Motion, filed March 26, 2020, "to Set Aside Clerk's Entry of Default Against Her." Plaintiff A & C Trade Consultants, Inc. ("A & C") has filed opposition, to which Nogal has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In its complaint, A & C asserts claims against six defendants, including Joel E. Alvarez ("Alvarez") and Nogal, who, at the time the complaint was filed, were a married couple. A & C's claims arise from its allegations that Alvarez misappropriated cash and trade secrets from A & C during the period of time he was an A & C employee and that, after engaging in such misappropriation, he created a Colombian business entity in which he used those trade secrets to compete with A & C. (See Compl. ¶¶ 10-12.) A & C alleges Nogal conspired with Alvarez and other defendants to misappropriate A & C's

---

[1] By Clerk's notice filed April 7, 2020, the Court vacated the hearing scheduled for May 8, 2020, and advised the parties the matter would be taken under submission upon completion of the briefing.

trade secrets and to unfairly compete with it (see Compl. ¶¶ 11), and that she has been "unjustly enriched" in her capacity as "one of the owners of the community property businesses" Alvarez created (see Compl. ¶¶ 2-5, 86-87).

    Nogal was served with the summons and complaint on December 12, 2018. (See Return of Service, filed February 26, 2019.) On January 7, 2019, Nogal, appearing pro se, filed an administrative motion for an extension of time to file a response to the complaint, after which the Court, by order filed January 17, 2019, granted the motion and extended the deadline to February 6, 2019. When Nogal failed to file a response, A & C filed a request for entry of default, and, on March 19, 2019, the Clerk of Court entered Nogal's default. Thereafter, on March 21, 2019, Nogal, again appearing pro se, filed a motion to dismiss, which motion the Court, by order filed March 27, 2019, denied without prejudice to Nogal's first seeking and obtaining an order setting aside the Clerk's entry of default. (See Order, filed March 27, 2019 (citing New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996) (holding where defendant is in default, such defendant must move for and succeed in setting aside default before it can file response to complaint).)

    In the instant motion, Nogal, now appearing through counsel, argues the entry of default should be set aside.

    A district court "may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, a "district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default." See O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). This "test" is "liberally applied" in favor of the defendant, as "judgment by default is a drastic step appropriate only in extreme circumstances." See United States v. Signed Personal Check No. 730 of Yurban S. Mesle, 615 F.3d 1085, 1091 and n.1 (9th Cir. 2010) (hereinafter, "Mesle").

    Here, A & C, noting Nogal waited approximately one year before moving to set aside the default, asserts it will be prejudiced "by the delay." (See Pl.'s Opp. at 5:9.)

Although a delay of such length is not insignificant, A & C has not identified any "tangible harm" it would suffer if Nogal's default were set aside. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (holding, "to be considered prejudicial," delay caused by defendant's failure to respond to complaint "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion") (internal quotation and citation omitted).

Accordingly, the first factor weighs in favor of setting aside the default.

Next, the Court considers whether Nogal, in support of her motion, has set forth facts that, if true, would constitute a defense to the claims asserted against her. See Mesle, 615 F.3d at 1094 (holding defendant satisfies "meritorious defense" requirement by "alleg[ing] sufficient facts that, if true, would constitute a defense"). Nogal states she and Alvarez "became estranged" in 2015 (see Nogal Aff. ¶ 5), two years before he left A & C (see Compl. ¶ 10), that their "divorce . . . became final" in 2018 (see Nogal Aff. ¶ 5), that she had "no involvement in any of the acts or omissions of which [A & C] complains" (see Def.'s Mot. at 2:26-28; Nogal Aff. ¶ 8 (stating she had "no knowledge of [Alvarez's] dealings [in Colombia] until [they] began [their] divorce proceedings")), and that she "never received any benefit" from Alvarez's alleged conduct (see Def.'s Mot. at 3:1). The Court finds, at this stage of the proceedings, Nogal's showing is sufficient to identify a cognizable defense. See Mesle, 615 F.3d at 1094 (describing defendant's burden of alleging cognizable defense as "of [a] minimal nature").

Accordingly, the second factor weighs in favor of setting aside the default.

Lastly, the parties dispute whether the entry of default was the result of culpable conduct. As A & C points out, Nogal was aware of the need to respond to the complaint, as demonstrated by her seeking an extension of time to respond, yet, upon being afforded an extension, failed to file a timely response. As the Ninth Circuit has explained, however, "a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an intention to take advantage of the

1  [plaintiff], interfere with judicial decisionmaking, or otherwise manipulate the legal
2  process." See Mesle, 615 F.3d at 1092. Here, assuming, arguendo, Nogal made a
3  conscious decision not to file a response to the complaint by the deadline provided by the
4  Court (see Nogal Aff. ¶ 11 (stating she was not "able to afford counsel previously")), there
5  is no evidence suggesting she acted in bad faith in doing so.
6       Accordingly, the third factor weighs in favor of setting aside the default.
7       As each of the above-referenced factors weighs in favor of affording Nogal relief
8  from the entry of default, the motion is hereby GRANTED, and Nogal is hereby
9  DIRECTED to file her response to the complaint no later than fourteen days from the date
10 of this order.
11 **IT IS SO ORDERED.**

13 Dated: April 27, 2020

                              MAXINE M. CHESNEY
                              United States District Judge