IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&C TRADE CONSULTANTS, INC., <br> Plaintiff, <br> v. <br> JOEL E ALVAREZ, et al., <br> Defendants. | Case No. 18-cv-05356-MMC <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT** |

Before the Court is plaintiff's "Motion to Enter Default Judgment Against All Defendants," filed March 19, 2021. The Court having read and considered the moving papers, the motion, for the reasons set forth below, will be denied without prejudice.

First, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over . . . the parties." See In re Tuli, 172 F.3d 707, 712 (1999). Plaintiff's motion, however, fails to establish the Court can exercise personal jurisdiction over the remaining defendants, at least two of whom appear to be citizens of another country.

Second, with respect to liability, although a court "must take the well-pleaded factual allegations of [a complaint] as true, . . . necessary facts not contained in the pleadings . . . are not established by default." See Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, with respect to liability, plaintiff's motion relies on a number of factual assertions for which plaintiff fails to cite any allegation in the complaint on which it relies. (See, e.g., Pl.'s Mot. at 9:9-19.)

Lastly, with respect to damages, a court must "fix the amount" to which the plaintiff is entitled, see Pope v. United States, 323 U.S. 1, 12 (1944), based on "evidence" offered

by the plaintiff, see TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Here, although plaintiff, in the "Conclusion" section of its motion, identifies the amount of damages it seeks (see Pl.'s Mot. at 12:12-15), it makes no argument as to why it is entitled to the claimed amount, nor does it include in its motion any reference to the five declarations or more than 6000 exhibits it has filed in support of its motion.  Cf. Televideo Systems, 826 F.2d at 917 (noting plaintiff supported motion for default judgment with memorandum that "cited the court to the specific exhibits among the voluminous submissions that would support each of their claims"); see also Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (holding, in context of resolving motion for summary judgment, courts need not "scour the record" but, rather, can require parties to "identify with reasonable particularity the evidence" on which they rely).

Accordingly, the motion for default judgment is hereby DENIED, without prejudice to plaintiff's filing, no later than April 23, 2021, an amended motion.  Any such amended motion must address the issue of personal jurisdiction, cite to the particular allegations in the complaint on which plaintiff relies to establish liability, and cite to the particular evidence on which plaintiff relies to supports its claims for damages.

**IT IS SO ORDERED.**

Dated: March 23, 2021

MAXINE M. CHESNEY
United States District Judge