IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&C TRADE CONSULTANTS, INC., <br> Plaintiff, <br> v. <br> JOEL E. ALVAREZ, et al., <br> Defendants. | Case No. 18-cv-05356-MMC <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR PREJUDGMENT INTEREST** <br><br> Re: Doc. No. 82 |

In the instant action, plaintiff A&C Trade Consultants, Inc. ("A&C") alleges claims against five defendants, including Joel E. Alvarez ("Alvarez"). By order filed July 12, 2021, the Court granted A&C's motion for default judgment against Alvarez.

The Court is now in receipt of A&C's "Brief Regarding Prejudgment Interest Calculation," filed August 19, 2021, by which A&C submits a request for prejudgment interest in the amount of $632,115.81. Having read and considered A&C's submission, the Court rules as follows.

"A default judgment must not differ in kind from . . . what is demanded in the pleadings." See Fed. R. Civ. P. 54(c). Here, although A&C's Complaint included a "Prayer" for eight specified forms of relief, A&C neither pleaded nor prayed for an award of prejudgment interest.[1] (See Compl., filed Aug. 30, 2018.) As A&C "did not pray for

---

[1] A&C's inclusion of a generic demand for "[a]ll other appropriate relief in light of the facts proven and the applicable law" (see Compl., "Prayer" ¶ 9), does not constitute a demand for prejudgment interest, see Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007) (rejecting plaintiff's argument that demand for prejudgment interest was implied by "generic request for 'such other and further relief which this Court deems just and proper'"); see also Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1277 n.6 (9th Cir. 2006) (characterizing language seeking "such other and further relief as the court may deem

1  such damages in the [C]omplaint, and no meaningful notice of the possibility that such
2  amounts would be awarded has been given, [A&C] cannot recover prejudgment interest."
3  See Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 923 (C.D. Cal.
4  2010); see also Silge, 510 F.3d at 160 (affirming denial of prejudgment interest; noting
5  "[b]y limiting damages to what is specified in the demand for judgment, [Rule 54(c)]
6  ensures that a defendant who is considering default can look at the damages clause
7  [and] satisfy himself that he is willing to suffer judgment in that amount") (internal
8  quotation omitted).

9      Accordingly, A&C's request for prejudgment interest is hereby DENIED.
10 **IT IS SO ORDERED.**

12 Dated: August 24, 2021

*[signature]*
MAXINE M. CHESNEY
United States District Judge

---

28 proper" as "mere boilerplate").

2