IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&C TRADE CONSULTANTS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOEL E. ALVAREZ,<br><br>　　　　Defendant. | Case No. 18-cv-05356-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPERT WITNESS FEES** |

Before the Court is plaintiff A&C Trade Consultants, Inc.'s ("A&C") "Motion for Attorney's Fees and Expert Witness Fees," filed September 7, 2021. Defendant Joel E. Alvarez, although served with the motion at his last known address, has not filed a response. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for determination thereon, VACATES the hearing scheduled for October 15, 2021, and rules as follows.

In the above-titled action, A&C alleged that Alvarez, its former employee, misappropriated A&C's trade secrets in violation of federal and state law, as well as in breach of a contract between A&C and Alvarez titled Non-Disclosure Agreement. On March 19, 2019, the Clerk of Court entered Alvarez's default and, by order filed July 12, 2021, the Court granted A&C's motion for default judgment as to Alvarez, finding A&C had established, inter alia, Alvarez had violated the Defend Trade Secrets Act ("DTSA") and California Uniform Trade Secrets Act ("CUTSA"), and had breached the terms of the Non-Disclosure Agreement, entitling A&C to an award of monetary damages in the amount of $2,120,609. On August 27, 2021, the Court entered judgment in favor of A&C and against Alvarez in that amount.

By the instant motion, A&C seeks an award of attorney's fees and expert witness fees incurred by A&C in prosecuting the action.[1]  The Court considers those requests in turn.

**A. Attorney's Fees**

As noted, A&C prevailed on its claims that Alvarez, by misappropriating A&C's trade secrets, violated DTSA and CUTSA, and, in addition, breached the terms of the Non-Disclosure Agreement.  A&C seeks an award of fees under DTSA, CUTSA, and the terms of the parties' Non-Disclosure Agreement.

Under DTSA, "if . . . the trade secret was willfully and maliciously misappropriated," a court may "award reasonable attorney's fees to the prevailing party."  See 18 U.S.C. § 1836(b)(3)(D).  Similarly, under CUTSA, [i]f . . . willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party."  See Cal. Civ. Code § 3426.4.  Additionally, the parties' Non-Disclosure Agreement provides that, "[i]f an action at law or in equity . . . is brought to enforce or interpret the provisions of [the] Agreement, the prevailing party will be entitled to reasonable attorney's fees."  (See Compl. Ex. A ¶ 7.)

Here, given the allegations in the complaint, the Court finds an award of attorney's fees under DTSA and CUTSA is appropriate.  In particular, the complaint not only alleges the misappropriation was "willful, wanton, and malicious" (see Compl. ¶ 22), but also includes facts in support thereof (see, e.g., Compl. ¶¶ 10-11 (alleging Alvarez diverted wire transfers AC received from its customers to bank accounts he controlled)).  See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (holding, where complaint alleged defendant acted willfully and maliciously, "default sufficiently establishes [the plaintiff's] entitlement to attorney's fees" under statute allowing court to award fees upon finding defendant acted willfully and maliciously).  Additionally, as A&C

---

[1] On September 10, 2021, A&C filed a Bill of Costs, by which it seeks to recover additional expenses it incurred.  The Bill of Costs is pending before the Clerk of Court for determination.  See Civil L.R. 54-4 (providing Clerk of Court "shall tax costs").

1  is the prevailing party, an award of attorney's fees under the Non-Disclosure Agreement
2  is appropriate as well.  See Cal. Civ. Code § 1717(a) (holding, "[i]n any action on a
3  contract, where the contract specifically provides that attorney's fees . . . shall be
4  awarded . . . to the prevailing party, then the party who is determined to be the party
5  prevailing on the contract . . . shall be entitled to reasonable attorney's fees").  The Court
6  thus turns to the calculation of the amount to be awarded.

7  Under federal law, the "customary method of determining fees" is "the lodestar
8  method," under which a "'lodestar' is calculated by multiplying the number of hours the
9  prevailing party reasonably expended on the litigation by a reasonable hourly rate."  See
10 Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  Similarly, under state
11 law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based
12 on the careful compilation of the time spent and reasonable hourly compensation of each
13 attorney involved."  See Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32 (2001) (internal
14 quotation, citation and alteration omitted).

15 Here, A&C requests an award of $17,225, which corresponds to a lodestar based
16 on 55 hours of work at an hourly rate of $325.

17 Having reviewed the billing statements submitted in support of the motion (see
18 Holmes Decl., filed September 16, 2021, Ex. A), the Court finds the reasonable amount
19 of time expended on A&C's claims against Alvarez was 33 hours, comprising the total
20 number of hours spent in drafting the complaint, seeking entry of Alvarez's default,
21 preparing case management statements, preparing the motion for default judgment, and
22 preparing the instant motion for an award of fees and expenses.  The other claimed
23 hours pertain to tasks specific to a separate state court case, to an unsuccessful
24 application for a temporary restraining order, or to A&C's claims against defendants other
25 than Alvarez.  (See, e.g., id. Ex. A at 4[2] (all entries), Ex. A at 5 (first entry and majority of

---

[2] In citing to Exhibit A to the Holmes Declaration, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

United States District Court
Northern District of California

1  entry dated 8/31/2018), Ex. A at 5 (entries dated 10/3/2018, 10/15/18, 10/30/2018,
2  12/19/2018), Ex. A at 7 (entries dated 3/25/2019, 3/27/2019), Ex. A at 8 (entries dated
3  4/4/2019, 4/20/2019, 5/10/2019, 6/14/2019), Ex. A at 10 (all entries other than entry
4  dated 3/12/2020), Ex. A at 12 (all entries other than last three on page).)

5  Next, the Court finds the requested hourly rate reasonable.  A&C's counsel, Leslie
6  Holmes, a name partner at Holmes & Usoz LLP, has over twenty years of experience in
7  litigating matters involving "trade secrets, copyright[s], patents, contracts and
8  employment disputes" (see Holmes Decl., filed September 7, 2021, ¶ 4), and counsel
9  represents her requested hourly rate of $325 has been accepted by judges in this district,
10 as well as by state court judges (see id. ¶ 5).  Further, the requested rate is below rates
11 found reasonable in cases with similar claims.  See, e.g., Accredability, LLC v.
12 Accreditsoft, 2019 WL 4137409, at *4 (C.D. Cal. May 10, 2019) (awarding, in action
13 alleging former employee misappropriated trade secrets, hourly rate of $475 for work
14 performed by attorney with seventeen years experience); E-Smart Technologies, Inc. v.
15 Drizin, 2011 WL 2837400, at *2 (N.D. Cal. July 18, 2011) (awarding, in action alleging
16 former employees misappropriated trade secrets, hourly rate of $450 for work performed
17 by attorney with eight years experience; describing requested hourly rate as "well within
18 the prevailing market rates charged by comparable attorneys in the Northern District").

19 Accordingly, the Court finds A&C is entitled to reasonable attorney's fees in the
20 amount of $10,725 (33 hours x $325).

21 **B.  Expert Witness Fees**

22 A&C seeks to recover from Alvarez the expenses incurred in retaining forensic
23 expert witnesses.

24 As noted, under CUTSA, where a plaintiff establishes willful and malicious
25 misappropriation, the court may, in addition to reasonable attorney's fee, award "costs."
26 See Cal. Civ. Code § 3426.4.  Such "[r]ecoverable costs" include "a reasonable sum to
27 cover the services of expert witnesses, who are not regular employees of any party,
28 actually incurred and reasonably necessary in either, or both, preparation for trial or

4

1  arbitration, or during trial or arbitration, of the case by the prevailing party." See id.

2  Here, A&C retained the services of Ueno & Hoe CPAs, which firm provided
3  forensic accounting services.  The Court finds such services were actually incurred and
4  reasonably necessary in establishing the amount of money Alvarez was able to divert
5  from A&C, which evidence A&C offered in support of its motion for default judgment.
6  (See Hoe Decl., filed March 19, 2021, Exs. B, C.)

7  With regard to the amount, A&C requests an award of $19,425, which sum, A&C
8  contends, is supported by the "declarations of Thomas Ueno and Garret Hoe filed in
9  Support of the Motion for Entry of Default Judgment."  (See Pl.'s Mot for Attorneys' Fees
10 at 5:25-27.)  The referenced declarations, however, state the amount billed by Ueno and
11 Hoe was $17,246.  (See Ueno Decl., filed March 19, 2021, ¶ 5; Hoe Decl. ¶ 7.)

12 Accordingly, the Court finds A&C is entitled to recover expert witness fees in the
13 total amount of $17,246.

## CONCLUSION

For the reasons stated above, A&C's motion is hereby GRANTED in part and DENIED in part. Specifically, A&C, as the prevailing party, is entitled to recover from Alvarez attorney's fees in the amount of $10,725, together with expert witness fees in the amount of $17,246, for a total of $27,971.

**IT IS SO ORDERED.**

Dated: October 12, 2021

MAXINE M. CHESNEY
United States District Judge